```
Thomas J. LaLanne (SBN 55199)
LAW OFFICES OF THOMAS J. LaLANNE
369 Broadway
San Francisco, CA  94133
Tel:   (415) 434-1122
Fax:  (415) 434-1125

Attorneys for Defendant
RAUL MALDONADO, individually and dba
MALDONADO'S AUTO BODY & PAINT
AND TOWING SERVICE
```

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| BERNARDO VAZQUEZ,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>RAUL MALDONADO dba MALDONADO'S AUTO BODY & PAINT AND TOWING SERVICE; RAUL MALDONADO; and DOES 1-10,<br><br>　　　　　Defendants. | No.  C07 05517 JF PVT<br><br>**ANSWER TO COMPLAINT FOR DAMAGES** |

Comes now defendant RAUL MALDONADO, individually and dba MALDONADO'S AUTO BODY & PAINT AND TOWING SERVICE ("MALDONADO"), who files this answer to the complaint of plaintiff BERNARDO VAZQUEZ ("VAZQUEZ") as follows:

**ADMISSIONS AND DENIALS**

　　1.　　MALDONADO admits the allegations contained in paragraphs 3, 4 and 9.

1

ANSWER TO COMPLAINT FOR DAMAGES

2.   MALDONADO has no information or belief sufficient to allow him to answer the allegations in paragraphs 1, 2, 5, 6, 7, 10, 11, 14, 16, 22, 23, 32, 37, 45, 50, and 51, and placing his denial on that ground, denies each and every allegation contained therein.

3.   MALDONADO denies each and every allegation contained in paragraphs 8, 12, 15, 17, 18, 19, 20, 24, 25, 26, 27, 28, 29, 31, 33, 34, 35, 38, 39, 40, 41, 42, 43, 46, 47, 48, 52, 53, 54, 55, and 56.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense:  MALDONADO alleges that the complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

Second Affirmative Defense: MALDONADO alleges that VAZQUEZ failed to give reasonable, seasonable, timely and adequate notice of the alleged breach, liability, damage or injury.

Third Affirmative Defense: MALDONADO alleges that VAZQUEZ had full knowledge that MALDONADO had performed as demanded by VAZQUEZ, and he has therefore waived his right to demand further performance by MALDONADO as alleged in the complaint.

Fourth Affirmative Defense:  MALDONADO alleges that the complaint and each cause of action thereof, is barred by the principles of accord and satisfaction.

Fifth Affirmative Defense: MALDONADO alleges that he has no liability to VAZQUEZ to the extent that VAZQUEZ failed to mitigate or minimize MALDONADO's potential liabilities or damages, if any, or in any other way prejudiced them.

Sixth Affirmative Defense: MALDONADO alleges that if, as is alleged in the complaint, VAZQUEZ sustained damages in the manner alleged, VAZQUEZ was totally at fault in and about the matters set forth, and such fault on his part was the proximate cause of the damages complained of, if any there were.

ANSWER TO COMPLAINT FOR DAMAGES

<u>Seventh Affirmative Defense</u>:  MALDONADO alleges that prior to the commencement of this action, MALDONADO fully performed, satisfied and discharged all duties and obligations he may have owed to VAZQUEZ arising out of any and all employment of MALDONADO, and this action is therefore barred by the provisions of California Civil Code §1473.

<u>Eighth Affirmative Defense</u>:  MALDONADO alleges that the complaint, and each cause of action stated therein, is barred because of mutual and/or unilateral mistake of the parties in entering into the employment agreement, if any there was.

<u>Ninth Affirmative Defense</u>:  MALDONADO alleges that VAZQUEZ has failed to perform all conditions, covenants and promises required of him to be performed in accordance with the terms of the agreements alleged in the complaint.

<u>Tenth Affirmative Defense</u>:  MALDONADO alleges that the incidents referred to in the complaint were unavoidable insofar as MALDONADO was concerned, and occurred without any fault or want of care on his part, or on the part of any persons or entities for whose acts MALDONADO is or was legally responsible.

<u>Eleventh Affirmative Defense</u>:  MALDONADO alleges that VAZQUEZ did not reasonably rely on any representations made by MALDONADO.

<u>Twelfth Affirmative Defense</u>:  MALDONADO alleges that the complaint, and each cause of action stated therein, is barred and no cause of action is stated because of unilateral mistake of the VAZQUEZ.

<u>Thirteenth Affirmative Defense</u>:  MALDONADO alleges that VAZQUEZ, by his own acts, conduct and omissions, waived whatever rights he might have had based upon the allegations of the complaint against MALDONADO.

<u>Fourteenth Affirmative Defense</u>: MALDONADO alleges that the complaint and each cause of action thereof, is barred in that MALDONADO's entry into the employment agreement was procured by unlawful and illegal acts including fraud, intentional misrepresentation, and/or negligent misrepresentation.

ANSWER TO COMPLAINT FOR DAMAGES

<u>Fifteenth Affirmative Defense</u>: MALDONADO alleges that the complaint and each cause of action thereof, is void and fails to state a cause of action against MALDONADO in that it is contrary to public policy and good morals.

<u>Sixteenth Affirmative Defense</u>: MALDONADO alleges that he has met his duty of good faith and fair dealing, but VAZQUEZ has not.

<u>Seventeenth Affirmative Defense</u>: MALDONADO denies that any employment agreement, whether written, oral, express or implied existed as alleged by VAZQUEZ.

<u>Eighteenth Affirmative Defense</u>: MALDONADO alleges that the employment agreement, if any there was, was executed without consideration whatsoever, and was therefore void.

<u>Nineteenth Affirmative Defense</u>: MALDONADO alleges that VAZQUEZ was mistaken as to the obligations and duties allegedly required of MALDONADO, which mistake was not caused by neglect, but rather by ignorance of material facts.

<u>Twentieth Affirmative Defense</u>: MALDONADO alleges that VAZQUEZ' right to relief is barred by the doctrine of laches in that delay in bringing this action has substantially prejudiced MALDONADO.

<u>Twenty-first Affirmative Defense</u>: MALDONADO alleges that the relief sought by VAZQUEZ in the complaint is barred by the equitable doctrine of estoppel.

<u>Twenty-second Affirmative Defense</u>: MALDONADO alleges that the relief sought by VAZQUEZ in the complaint is barred by the equitable doctrine of waiver.

<u>Twenty-third Affirmative Defense</u>: MALDONADO alleges that the relief sought by VAZQUEZ in the complaint is barred by the equitable doctrine of unclean hands.

<u>Twenty-fourth Affirmative Defense</u>: MALDONADO alleges that the relief sought by VAZQUEZ in the complaint is barred by the equitable doctrine of unconscionability.

<u>Twenty-fifth Affirmative Defense</u>: MALDONADO alleges that VAZQUEZ was guilty of willful misconduct which proximately caused the events of which he complains, and the damages

ANSWER TO COMPLAINT FOR DAMAGES

alleged to have been suffered therein, and VAZQUEZ is therefore precluded from comparing said conduct with the alleged fault on the part of MALDONADO, if any there was.

<u>Twenty-sixth Affirmative Defense</u>: MALDONADO alleges that the complaint, and each cause of action stated therein, is barred by failure and/or lack of consideration.

<u>Twenty-seventh Affirmative Defense</u>: MALDONADO alleges that VAZQUEZ did not reasonably rely on any representations made by MALDONADO.

**PRAYER**

WHEREFORE, MALDONADO requests:

1. That VAZQUEZ take nothing by his complaint;

2. That MALDONADO be awarded his costs of suit incurred herein, including any attorneys fees allowed by law; and

3. For such other and further relief as the Court deems proper.

Dated: December 14, 2007         LAW OFFICES OF THOMAS J. LaLANNE

_____
Thomas J. LaLanne
Attorneys for Defendant RAUL MALDONADO, individually and dba MALDONADO'S AUTO BODY & PAINT AND TOWING SERVICE

5

ANSWER TO COMPLAINT FOR DAMAGES

PROOF OF SERVICE

I declare that:

I am employed in the County of San Francisco, am over the age of eighteen years, not a party to the within action, and my business address is 369 Broadway, San Francisco, CA 94133.

On this date I caused to be served the within document on the party/parties in said action

**ANSWER TO COMPLAINT FOR DAMAGES**

\_\_\_ (By mail) by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Francisco, California addressed as follows:

\_\_\_ (By overnight courier) by placing a true copy thereof enclosed in a sealed envelope with delivery charges prepaid to be sent by Federal Express as follows:

\_\_\_ (By fax) by causing each document to be sent by fax transmission from (415) 434-1125, the transmission of which was reported as complete and without error as follows:

\_\_\_ (By email) by causing each document to be sent by email transmission from lalanne@ix.netcom.com, the transmission of which was reported as complete and without error as follows:

\_\_\_ (By hand) by causing a true copy thereof enclosed in a sealed envelope to be personally delivered as follows:

> James Dal Bon, Esq.
> DAL BON & WANG
> 12 So First St., Su 613
> San Jose, CA  95113

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 14, 2007

_____

ANSWER TO COMPLAINT FOR DAMAGES